UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Case No. 11-20158

Delbert Reliford,                                                  Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER**

    In this action, Defendant Delbert Reliford ("Defendant") is charged with being a Felon in Possession of a Firearm, Armed Career Criminal, in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1).  The Indictment alleges that on or about August 25, 2010, Defendant unlawfully possessed a Ruger, Model Blackhawk, .357 caliber revolver. The firearm was seized after a search of a residence on Patton Street in Detroit, Michigan.

    Defendant has filed the following five pre-trial motions: 1) Motion to Compel Discovery Including Agents Rough Notes and Grand Jury Transcripts (Docket Entry No. 21); 2) Motion for *In Camera* Hearing to Reveal Identity of Informant (Docket Entry No. 22); 3) Motion for Government to Give Notice of its Intention to Use Evidence of Other Crimes, Wrongs, or Bad Acts Pursuant to FED. R. EVID. 404(b) (Docket Entry No. 23); 4) Motion to Suppress on Basis of Insufficient Probable Cause (Docket Entry No. 24); and 5) Motion to Suppress Evidence and for an Evidentiary Hearing Pursuant to *Franks v. Delaware* (Docket Entry No. 25).  All five motions have been fully briefed by the parties and were heard by the Court on May 25, 2011.  For the reasons below, the Court shall deny the motions.

A.  <u>Defendant's Motion to Compel Discovery (Docket Entry No. 21) and Motion for Notice of Intention to Use Evidence of Other Crimes (Docket Entry No. 23) Shall Be Denied.</u>

In these two motions, Defendant seeks an order: 1) requiring the Government to produce rough notes of officers and agents; 2) requiring the Government to produce Grand Jury Transcripts; and 3) barring the Government from introducing evidence pursuant to FED. R. EVID. 404(b) for failure to provide notice of same.

    1.    <u>There Is No Need To Issue An Order Regarding Rough Notes.</u>

As to Defendant's request regarding rough notes, the Government states that it is unaware of any agent or officer rough notes that contain statements made by Defendant, but that if any such material comes to light, it will produce that material to Defendant in a timely manner. The Government contends, and the Court agrees, that an order on this issue is unnecessary given that the Government recognizes its continuing obligation to turn over such materials. In addition, at the May 25, 2011 hearing, Defense Counsel stated that Defendant is now satisfied as to this issue.

    2.    <u>Defendant Has Not Made The Requisite Showing To Obtain Grand Jury Transcripts.</u>

Under FED. R. CRIM. PRO. 6(e)(3)(E)(ii), a court may authorize disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

Defendant acknowledges that the rule requires him to make a "showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury," but Defendant has not explained how he believes he can make such a showing. Defendant has not identified any matter that occurred before the grand jury that would form the basis for a

motion to dismiss the indictment.  Rather, Defendant simply asserts that "[w]ithout having an opportunity to review the grand jury transcripts and who the witnesses and informants are, the defense cannot adequately prepare a defense and cross-examine."  (Def.'s Br. at 9).

The Court shall deny this request because Defendant has not made the requisite showing under FED. R. CRIM. PRO. 6(e)(3)(E)(ii).

       3.      Defendant's 404(b) Motion Shall Be Denied Because There Is Still Time For The Government To Provide Defendant Sufficient Notice Prior To Trial.

Pursuant to FED. R. Evid. 404(b), "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

Defendant asserts that the "Government indicated it may introduce evidence of other bad acts testimony pursuant to FRE 404b or to introduce prior convictions pursuant to FRE 609 (Impeachment by Evidence of Conviction of Crime) however no such notice has been filed as it relates to the introduction of such evidence."  (Def.'s Motion at 2).  Defendant asks the Court to enter an order barring the Government from introducing any 404(b) evidence at trial.

The Government contends this request should be denied for the following three reasons: 1) "Defendant did not request notice of the Government's intention to use 404b or 609 evidence prior to his filing" of the motion; 2) there is currently no trial date set in this matter and there is sufficient time for the Government to provide reasonable notice in advance of trial as to both 404(b) and 609 evidence; and 3) Defendant is already well aware of the "general nature" of the

404(b) and 609 evidence that the Government could potentially seek to introduce because the Indictment "lists, with specificity, the three prior convictions for violent felonies and/or serious drug offenses that qualify him as an Armed Career Criminal." (Govt.'s Br. at 6-7).

The Court shall deny this request. Assuming that Defendant requested notice from the Government, there is still ample time for the Government to provide notice prior to trial. The Government states that it "will provide written notice of the general nature of any Rule 404(b) and 609 evidence that it intends to introduce against Defendant no later than one week before trial." (Govt.'s Br. at 7). Providing written notice one week before trial is sufficient notice under the circumstances presented here. *See e.g., United States v. French*, 974 F.2d 687, 694-95 (6th Cir. 1992).

B. <u>Defendant's Motions to Suppress (Docket Entry Nos. 24 & 25) And Defendant's Motion for *In Camera* Hearing to Reveal Identity of Informant (Docket Entry No. 22) Shall Be Denied.</u>

In these motions, Defendant: 1) requests a *Franks* hearing, to establish that Officer Kostanko knowingly and intentionally included a false statement in the search warrant affidavit; 2) asks the Court to hold an *in camera* hearing to reveal the identity of the informant; and 3) asserts that the Court should suppress the evidence seized during the search because Officer Kostanko's affidavit was insufficient to support probable cause.

       1.     <u>Defendant Has Not Made The Requisite Showing For A *Franks* Hearing.</u>

"In *Franks,* the Supreme Court recognized a defendant's right to challenge the sufficiency of a previously issued and executed warrant by attacking the statements made in an affidavit in support of the warrant." *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002). In order to obtain a *"Franks* hearing," however, "the defendant must make a *substantial*

*preliminary showing* that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit." *Id.* (emphasis added).  "The defendant must specifically point to the disputed portions of the challenged affidavit, and must support these charges with an offer of proof." *Id.*  Moreover, the "defendant specifically must allege 'deliberate falsity or reckless disregard [on the part] of *the affiant*, not of any nongovernmental informant.'" *United States v. Hudson*, 325 Fed.Appx. 423, 426 (6th Cir. 2009) (emphasis added).

Here, Defendant's brief asserts that he is not alleging that "the officer affirmatively lied in his affidavit, but rather that the officer omitted important information." (Def.'s Br. at 8).  He does not specify, however, what information the officer omitted from the affidavit.  Then, on page 9, he appears to assert that the officer affirmatively lied by making up certain facts in the affidavit regarding the transaction observed at the Patton Street address before requesting the search warrant:

> The agent then went to the reported location and did not see the defendant and thereafter *simply made up* unfounded and unsubstantiated facts about some type of transaction that may or may not have been occurring.

(Def.'s Br. at 9) (emphasis added).  Defendant also appears to take the position that he is entitled to a *Franks* hearing based on the confidential informant's credibility or reliability.

The Court concludes that Defendant has failed to make the requisite showing for a *Franks* hearing.  First, Defendant has not established that he is entitled to a *Franks* hearing to show that the officer omitted important information from the affidavit because he does not identify any specific information that the officer allegedly omitted from the affidavit.  Second, to the extent that Defendant asserts that the officer affirmatively lied by making up facts in the

5

affidavit regarding the transaction observed at the Patton Street address, Defendant has made no offer of proof whatsoever. Third, to the extent that Defendant is requesting a *Franks* based on the credibility or reliability of the confidential informant, that request is unfounded. In order to obtain a *Franks* hearing, the "defendant must specifically allege 'deliberate falsity or reckless disregard [on the part] of *the affiant*, not of any nongovernmental informant." *Hudson, supra*, at 426 (emphasis added).

> 2. The Court Shall Deny Defendant's Motion To Reveal Identify Of Informant Because Defendant Has Not Shown How Disclosure Would Substantively Assist His Defense At Trial And The Informant Was A Mere Tipster.

Defendant's request for an *in camera* hearing to determine the informant's identity shall be denied for the same reasons set forth in *Hudson*. "It is well-established that the government is privileged not to reveal the identity of informants" and "thus a defendant bears the burden of showing how disclosure of an informant's identity would substantively assist his defense." *Id*. "'When the evidence suggests that it is reasonably probable that the informer can give relevant testimony' at trial, an *in camera* hearing may be appropriate to determine the materiality of the informant's identity to the defense." *Id*. "But that rule does not apply 'where the informer merely furnished a tip which helped police officers obtain a warrant." *Id.; see also United States v. Jackson,* 990 F.2d 251, 255 (6th Cir. 1993); *United States v. Sales*, 247 Fed.Appx. 730, 734 (6th Cir. 2007) ("We usually deny disclosure when the informer was not a participant, and instead 'was a mere tipster.'")

Here, Defendant has not met his burden of showing how disclosure of the informant's identity would substantively assist his defense at trial. Like the informant in *Hudson*, the informant in this case is not alleged to have been a participant or witness to the crimes charged in

the indictment. Rather, he or she was a mere tipster whose sole involvement was providing information to officers that ultimately led to their application for a search warrant. Thus, the Court shall deny Defendant's Motion for *In Camera* Hearing to Reveal Identity of Informant under *Hudson* and the other authorities cited above.

      3.    <u>The Search Warrant Affidavit Established Probable Cause.</u>

Defendant contends that there was insufficient evidence to establish probable cause to justify the granting of the search warrant.

"The Fourth Amendment mandates that a search warrant may only be issued upon a showing of probable cause." *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010). Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id*. Thus, "a magistrate need only find 'reasonable grounds for belief' that evidence will be found in order to justify the issuance of a search warrant. *Id*. "[R]eviewing courts are to accord the magistrate's determination 'great deference.'" *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000).

"When an affidavit is the basis for a probable cause determination, the affidavit 'must provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Thomas,* 605 F.3d at 307. "When an affidavit relies on hearsay information from a confidential informant, the judicial officer (and reviewing court) must consider the veracity, reliability, and basis of knowledge for that information as part of the totality-of-the-circumstances review." *Thomas,* 605 F.3d at 307.

While "an affidavit must state facts supporting an independent judicial determination that the informant is reliable, those facts need not take any particular form." *United States v.*

*McCraven,* 401 F.3d 693, 697 (6th Cir. 2005). "The affidavit could state that police corroborated significant parts of the informant's story. Or the affiant could attest 'with some detail' that the informant provided reliable information in the past." *Id.* "Or there could be other indicia of the informant's reliability, such as a detailed description of what the informant observed first-hand, or the willingness of the informant to reveal his or her name." *Id.* Thus, an affidavit lacking information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information. *United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006); *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir. 2000) (noting that "information received from an informant whose reliability is not established may be sufficient to create probable cause when there is some independent corroboration by the police of the informant's information.")

Here, the Government contends that the affidavit establishes probable cause because it contains a detailed description of what the informant observed first-hand and because the police corroborated significant parts of the informant's story. The Court agrees.

The informant correctly identified Defendant's last name and described Defendant as a black male in his mid-forties who lives with his elderly mother in a well-maintained home. He further described the home as having a wheel chair ramp and being located on the corner of Vassar and Patton, the first corner house on the left side of the street. The informant stated that Defendant sold him his "weed" and that Defendant got his weed in that day. The informant stated that there are plenty of guns and weed in the home, that he saw a gun clip in the home and a "giant revolver." He also stated that Defendant drives a "little hoopty" and mainly stays home.

As detailed in the Government's brief, after receiving that tip, the affiant corroborated

8

significant parts of the informant's story. The affiant corroborated the informant's accurate and detailed description of the home on Patton Street. The affiant confirmed that Defendant resided in the house on Patton Street by contacting another officer who had interviewed Defendant after an attempted break-in there, and observed Defendant at the house. The affiant further corroborated the informant's story when the affiant, in an undercover capacity, observed Defendant engage in an apparent drug transaction from the home. After doing so, the affiant then personally observed the buyer drive to a crack or "squat house."

The Court finds that the search warrant affidavit established probable cause[1] and the Court shall deny Defendant's Motion to Suppress.

Accordingly, IT IS ORDERED that the following motions are DENIED:  1) Motion to Compel Discovery Including Agents Rough Notes and Grand Jury Transcripts (Docket Entry No. 21); 2) Motion for *In Camera* Hearing to Reveal Identity of Informant (Docket Entry No. 22); 3) Motion for Government to Give Notice of its Intention to Use Evidence of Other Crimes, Wrongs, or Bad Acts Pursuant to FED. R. EVID. 404(b) (Docket Entry No. 23); 4) Motion to Suppress on Basis of Insufficient Probable Cause (Docket Entry No. 24); and 5) Motion to Suppress Evidence and for an Evidentiary Hearing Pursuant to *Franks v. Delaware* (Docket Entry No. 25).

IT IS SO ORDERED.

---

[1] Although the Court need not reach the issue given this conclusion, the Court also finds merit in the Government's alternative position – that even if the warrant or affidavit failed to establish probable cause, the evidence should not be excluded under the *Leon* good-faith exception.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated:  May 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2011, by electronic and/or ordinary mail.

                                                S/Felicia Moses for Jennifer Hernandez
                                                Case Manager