UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Delbert Lawrence Reliford,

    Petitioner,

v.                                                                  Criminal Case No. 11-20158
                                                                    Civil Case No. 16-12097
United States of America,

                                                                    Sean F. Cox
    Respondent.                          United States District Court Judge

_____/

## **OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE AND RULING ON CERTIFICATE OF APPEALABILITY**

Petitioner has filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. For the reasons below, the Court shall deny Petitioner's motion because his Michigan conviction for armed robbery qualifies as a "violent felony" under the Armed Career Criminal Act (ACCA). The Court shall also issue a certificate of appealability as to this issue.

## **BACKGROUND**

In 2012, the Court sentenced Petitioner Delbert Lawrence Reliford to 144 months in prison following his guilty plea to felon in possession of a firearm (Doc. # 47). Under the plea agreement, the parties agreed that Petitioner qualified as an armed career criminal under the ACCA (Doc. # 43). His predicate convictions were for a controlled substance offense, felonious assault, and armed robbery.

Four years later, Petitioner timely filed this motion to vacate his sentence under 28 U.S.C. § 2255, arguing that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his convictions for armed robbery and felonious assault no longer qualified as a violent felonies

under the ACCA (Doc. # 56).[1]  The Court stayed this matter pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (Doc. # 61).  Petitioner has now moved to lift the stay and continues to challenge the classification of his prior armed robbery conviction as a crime of violence (Doc. # 62).  The Government has responded (Doc. # 64). The Court shall lift the stay and, because "the motion and the files and records of the case conclusively show" that Petitioner is not entitled to relief, the Court will decide the motion without an evidentiary hearing.  28 U.S.C. § 2255(b).

## ANALYSIS

A prisoner may move the Court to vacate a sentence under § 2255(a) if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  Here, Petitioner argues that his guidelines range was improperly calculated because his 1990 Michigan armed robbery conviction is not a "violent felony" conviction under the ACCA.

Under the ACCA, a person with three previous "violent felony" or "serious drug offense" convictions that is convicted of felon in possession under 18 U.S.C. § 922(g) is subject to an enhanced mandatory minimum sentence of fifteen years' imprisonment.  18 U.S.C. § 924(e)(1). Relevant here, a "violent felony" includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" § 924(e)(2)(B)(i). "Physical force" means "violent force–that is, force capable of causing physical pain or injury to

---

[1] Petitioner no longer contests his felonious assault conviction, conceding that it qualifies as a violent felony.  *See United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017).

another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). The question here is whether armed robbery under Michigan law fits these definitions.

Two principles govern the Court's inquiry. First, when interpreting Michigan's armed robbery statute, the Court must look to Michigan law. *See United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014) (observing that federal courts have no "authority to place a construction on a state statute different from the one rendered by the highest court of the State.") (quotations omitted). Second, the Court must take a categorical approach, assessing whether the crime qualifies as a violent felony "in terms of how the law defines the offense . . . ." *Johnson*, 135 S. Ct. at 2557, quoting *Begay v. United States*, 553 U.S. 137, 141 (2008).

Turning to the question at hand, at the time of Petitioner's armed robbery conviction,[2] M.C.L. § 750.529 stated:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison.

Under this statute, the elements of armed robbery were: " (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute." *People v. Carines*, 597 N.W.2d 130, 135 (Mich. 1999). The third element required "a finding that the defendant was armed either with a dangerous weapon or with an article used or fashioned in such a way as to lead a reasonable person to believe that it

---

[2] The version of the statute that Petitioner quotes was not enacted until 2004. 2004 Mich. Pub. Acts 128.

was a dangerous weapon at the time of the robbery." *People v. Jolly*, 502 N.W.2d 177, 179 (Mich. 1993). A "dangerous weapon" is either "(1) a weapon designed to be dangerous and capable of causing death or serious injury (e.g., a loaded gun) or (2) any other object capable of causing death or serious injury that the defendant used as a weapon (e.g., a screwdriver used as a knife)." *People v. Norris*, 600 N.W.2d 658, 661 (Mich. Ct. App. 1999); *see also People v. Goolsby*, 279 N.W. 867, 868-69 (Mich. 1938) (defining "dangerous weapon" as a weapon designed to be dangerous or as an instrumentality capable of inflicting serious injury).

The inherent use of a dangerous weapon during an armed robbery makes the crime a "violent felony." Under the statute, mere possession of a dangerous weapon was not enough; the defendant had to indicate the actual or feigned presence of the weapon to the victim. *See Jolly*, 502 N.W.2d at 181 ("[T]here must be some objective evidence of the existence of a weapon or article before a jury will be permitted to assess the merits of an armed robbery charge. For example, an object pointing out from under a coat, together with statements threatening a victim with being shot, clearly satisfies the statutory definition of armed robbery."); *id.* at 188 (Cavanagh, C.J., dissenting) (stating that most armed robbery cases "involve situations in which (1) a witness actually observed a weapon, (2) a witness actually observed a clearly distinguishable portion of a weapon, or (3) at a minimum, the prosecution has introduced substantial circumstantial evidence indicating possession of a weapon.") (quotation marks omitted). And this use or threatened use of a dangerous weapon–a weapon capable of causing death or serious injury–during a robbery necessarily involves the use, or threatened use, of force capable of causing physical pain or injury to another person. *See United States v. Gloss*, 661 F.3d 317, 319 (6th Cir. 2011) ("Any robbery accomplished with a real or disguised deadly

4

weapon, or that causes serious bodily injury, falls under the first clause of the definition of violent felony, as it necessarily involves 'the use, attempted use, or threatened use of physical force against the person of another.'") (citation omitted).

The Sixth Circuit recently employed a similar analysis while assessing Ohio's similar aggravated robbery statute, which requires an offender to "[h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." Ohio Rev. Code § 2911.01(A)(1). Because an offender cannot satisfy this element "without conveying an implied threat to inflict physical harm," the Court held that Ohio aggravated robbery qualifies as a "violent felony." *United States v. Patterson*, 853 F.3d 298, 302-03 (6th Cir. 2017). So too here. A defendant's use of, or indicated possession of, a dangerous weapon during a robbery involves at least an implied threat to inflict physical harm, thereby involving "the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); *see also Patterson*, 853 F.3d at 303 ("A threat to use a deadly weapon against a robbery victim is a threat to commit exactly the sort of 'violent act directed against a robbery victim' that the elements clause covers."), quoting *Johnson*, 559 U.S. at 139.

Finally, the Court notes that armed robbery's assault element also makes it a violent felony under the ACCA. The Sixth Circuit recently held that a conviction for violating Michigan's unarmed robbery statute–a lesser included offense of armed robbery–qualifies as a violent felony. *See United States v. Matthews*, 689 F. App'x 840, 845 (6th Cir. 2017) ("Because Michigan law requires one to fear injury in order to be 'put in fear,' Michigan's statute criminalizing unarmed robbery is a violent felony for purposes of the ACCA."); *People v. Reese*,

5

647 N.W.2d 498, 501 (Mich. 2002) ("Unarmed robbery is clearly a necessarily included lesser offense of armed robbery."). This same logic applies here; the assault element of armed robbery requires putting a person in fear of injury. *See id.*; *see also People v. Kruper*, 64 N.W.2d 629, 632 (Mich. 1954) (observing that the element of force requires the party robbed to have "a reasonable belief that he may suffer injury unless he complies with the demand.").

In sum, when Petitioner was convicted of armed robbery, the governing statute required both proof of the use or threatened use of a dangerous weapon and proof of fear of injury. Based on either of these elements, Michigan's armed robbery statute is a violent felony under the ACCA. Thus, the Court properly considered this conviction when determining that Petitioner qualified as an armed career criminal.

## CONCLUSION AND ORDER

For the reasons above, the Court ORDERS that Petitioner's Motion to Vacate Sentence is DENIED. Because reasonable jurists could find the Court's analysis of whether Petitioner's prior armed robbery conviction qualifies as a predicate violent felony under the ACCA, the Court shall issue a certificate of appealability for that claim. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2018, by electronic and/or ordinary mail.

                               s/Teresa McGovern
                               Case Manager Generalist